UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,                       Case No. 13-20913-1

v.

                                     Paul D. Borman

ROBERTO SALADRIGAS,        United States District Court Judge

     Defendant.                  /

## ORDER GRANTING DEFENDANT ROBERTO SALADRIGAS'S MOTION FOR COMPASSIONATE RELEASE

On April 13, 2020, Defendant Roberto Saladrigas sent a *pro se* letter to the Court requesting compassionate release from his confinement at FCI- Butner - Low to home confinement, during this COVID-19 pandemic citing his asthma and Crohn's Disease, for which he receives daily infusions of immunosuppressant medication.

On April 17, 2020, the Government filed a "Response and Brief Opposing the Defendant's Motion for Compassionate Release" (ECF #120).  The Government contended, *inter alia*, that Defendant had not exhausted his administrative remedies within the Bureau of Prisons (BOP) prior to filing this request with the Court, as required in 18 U.S.C. §3582(c)(1)(A).  The Government

1

also pointed out that FCI-Butner has a full-service medical center, including an on-site hospital and that Defendant is being treated for his medical conditions.

On April 16, 2020, the Court granted Defendant's e-mail request on April 16, 2020 to appoint counsel to represent him.

On April 21, 2020, counsel for Defendant filed a "Supplement to Defendant's Motion for Compassionate Release" (ECF #123).  On April 22, 2020 the Government filed a "Supplemental Brief Opposing Defendant's Motion for Compassionate Release" (ECF #124).  On April 22, 2020, Defendant filed a Reply to the Government's Supplemental Brief (ECF #125).

On April 28, 2020, Defendant filed a "Notice of Supplemental Authority and Information" (ECF #126).  On May 8, 2020, Defendant filed a Supplemental Brief noting that the BOP has yet to review his request for release (ECF #128).

## BACKGROUND

Defendant was arrested in December 2013 on charges of healthcare fraud, money laundering, and harboring a fugitive.  He was released on an unsecured bond and did not violate his conditions of release.

In 2014, Defendant pled guilty to money laundering, and harboring a fugitive.  His unsecured bond was continued, and he did not violate his conditions of release.

In January 2015 Defendant was sentenced to 26 months of incarceration to be followed by a term of supervised release.  His Presentence Report (PSR) established a criminal history score of zero.  His PSR also indicated that he suffered from Crohn's Disease and high blood pressure.

Thereafter, Defendant, with the concurrence of the Government, moved to extend his surrender date several times due in large part to his serious medical conditions.  Again, he did not violate his conditions of release.

On March 29, 2019 Defendant surrendered to FCI-Butner to serve his sentence.  His release date is March 4, 2021.  Defendant, who is 53 years old, seeks immediate release under 18 U.S.C. §3582(c)(1).  The Government contends that Defendant does not qualify for compassionate release, pursuant to §3582(c)(1)(A), because he has not filed a request for it with the Warden at FCI-Butner, and has not, as required thereafter "fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on his behalf, or the lapse of 30 days from the receipt of such request by the warden, whichever is earlier", before Defendant can bring a motion before the Court to reduce the term of imprisonment.  That provision requires the Court in considering a sentence reduction to consider "the factors set forth in 18 U.S.C. §3553a to the extent they are applicable, if it finds that -- (i) extraordinary and compelling reasons warrant such a reduction, and that

3

such a reduction…is consistent with the policy statements issued by the Sentencing Commission."

The Government contends that the BOP will "consider Mr. Saladrigas for home detention referral after the inmates most at risk of contracting COVID-19 are considered." (ECF #120, pp. 3-4). The BOP does not state specifically when consideration of his case will occur.

Defendant's Supplement to his letter motion for compassionate release notes that the BOP lists him as Care Level 3, "Unstable, Complex Chronic Care" (ECF #123-1, Ex. C, Inmate Profile) and that he receives infusions of an immunosuppressant medication (ECF #123-3, Health Services Note, p. 1).

In response to the Government's concern about Defendant's ability to return to Michigan if released, Defendant's live-in significant other (Zohra Saladrigas) has sent an e-mail to the Court on April 22, 2020 stating that she will purchase a plane ticket for his immediate return or drive to North Carolina to drive him to their home in Michigan, which contains a separate room where he can be quarantined for 14 days.

The Government's Supplemental Brief in Opposition states "Saladrigas overstates COVID-19's impact on the Bureau of Prisons" (ECF #124, p. 5, April 22, 2020). The Court takes judicial notice that this is not correct.

4

This pandemic has resulted in severe COVID-19 outbreaks in BOP facilities throughout the nation, including FCI-Butner.  At the same time, the Court recognizes that the BOP is fully engaged in responding to this epidemic affecting its prison population and staff, but its COVID-19 positives, in particular at FCI-Butner-Low continue to increase at a significant rate.

As to the 18 U.S.C. §3553(a) factors, noted within §3582(c)(1)(A), the Court concludes that while the Defendant's convictions are quite serious, they do not involve narcotics or firearms, and his criminal history PSR score was zero. The Court further concludes that given his history, and his medical condition, there is no need to maintain his incarceration to protect the public if he is granted release on supervision.

With regard to Defendant's failure to exhaust all administrative rights within the BOP prior to filing this motion, the Court treats his letter to the Court on April 13, 2020 as a motion for compassionate release which indeed was the title of the April 17, 2020 Government answer opposing "The Defendant's Motion for Compassionate Release" (ECF #120).  Further, that Government response states that the Assistant U.S. Attorney has immediately contacted the BOP, and that the

5

BOP "advises that Mr. Saladrigas does not qualify as a priority case" (ECF #120, p. 9).[1]

The Court finds that, given this timeline, beginning with Defendant's April 13, 2020 letter seeking compassionate release and the Government's Response noting its immediate contact with the BOP, his letter is akin to a request to the BOP pursuant to §3582(c)(1)(A).  The Court notes that such a 30-day period concludes today --  May 13, 2020.  The Court finds that there are extraordinary and compelling circumstances that support granting compassionate release, to wit:  the COVID-19 pandemic's impact on FCI-Butner, and in particular Defendant's compromised medical situation given his battle with Crohn's Disease, and his respiratory-impacting asthma.

This Court also notes BOP statistics that FCI-Butner, low security, where Defendant is housed, as of Tuesday, May 12, 2020, had 37 positive COVID-19 inmates, with an additional 16 recovered; 3 active staff positives, with an additional 4 recovered; and no deaths.  The Butner Federal Medical Center had 5 inmate positives; 5 staff positives, plus 4 recovered.

---

[1] While the Court concludes that Defendant's April 13, 2020 letter starts the 30-day clock in §3582(c)(1)(A), the Court notes with approval a recent district court decision concluding that the 30-day exhaustion requirement is non-jurisdictional, and subject to equitable tolling, *United States v. Bess*, 2020 W.L. 1940809, W.D.N.Y. April 22, 2020, which that court applied

Defendant has served over 50% of his 26-month sentence and has a verifiable release plan.

The Government has pointed this Court to the United States Sentencing Commission's directive in its policy statement in U.S.S.G. §1B1.13, Application Note 1, applicable to §3582(c)(1)(A) sentence reductions, that requires a court to determine that "extraordinary and compelling reasons" justify a 18 U.S.C. §3582(c)(1)(A) reduction, where he suffers from a "serious…medical condition…that substantially diminishes his ability to provide self-care".  The Court has made that finding here.  The Government does not dispute that the Defendant must receive daily medical infusions to treat his Crohn's Disease, and that this Disease and asthma are seriously impacted by the COVID-19 pandemic, and the Court adds, in particular during his incarceration at FCI-Butner.

## CONCLUSION

The Court concludes:

1.     That  a 30-day exhaustion period has passed since the Defendant filed a "motion" letter with the Court on April 13, 2020, which was quickly responded to by the Government, having communicated this "motion" to the BOP, and received its response.  Thus, the Court will proceed under §3582(c)(1)(A) to consider this Motion.

7

2.     That there are extraordinary and compelling medical reasons warranting a reduction in Defendant's sentence to time served/compassionate release from Butner, with a 14-day quarantine, recognizing that Defendant will be subjected to supervised release.

IT IS SO ORDERED.

Dated:  May 13, 2020                    s/Paul D. Borman
                                                Paul D. Borman
                                                United States District Judge